## SUPREME COURT.

MARGARET BOYLE and others, respondents, agt. SABRA LAWTON and others, appellants.

*· Costs — Action to recover damages for an alleged trespass upon lands — When plaintiffs entitled to costs on the ground that title to real estate was put in issue · by the pleadings, although the recovery is but ten dollars — Complaint — Answer.*

In an action for damages for an alleged trespass upon lands, where the plaintiffs were M. B., the widow of P. B., deceased, and four infant children, and heirs of deceased, who sued by guardian, the complaint alleged that the widow had a dower interest in the premises in question, and that. the infants were owners of the premises as tenants in common, subject to the dower interest of the widow. It also alleged that all the plaintiffs were in possession of the premises at the time of the alleged trespasses. The answer contained a general denial of the allegations of the complaint, except as admitted, and alleges, for a further defense, that one of defendants was the lessee of certain premises in the same town as the premises claimed by the plaintiffs, and that the house mentioned in the complaint stood on the premises of the defendant, and that she removed it from her own premises, as she had a right to do.

*Held,* that the allegations thus referred to directly put in issue the title to the *locus in quo,* and entitled the plaintiffs to costs.

Not only does the complaint allege title in the infant plaintiffs, subject to the dower interest of the widow; but the answer takes issue with that allegation, *first,* by denying it, and, *secondly,* by alleging title in the defendant as lessee of the soil on which the house stood, the removal of which was. one of the trespasses alleged.

*Fifth Department, General Term, January,* 1886.

*Before* SMITH, *P. J.,* BRADLEY *and* BARKER, *JJ.*

APPEAL from an order of the Cattaraugus special term denying defendants' motion to set aside the taxation and allowance of costs to the plaintiffs, and to tax and allow costs to the defendants.

*Johnson & Markham*, for appellants.

*Ansley & Davie*, for respondents.

SMITH, *P. J.*—The action is to recover damages for an alleged trespass upon lands. The plaintiffs recovered a verdict of ten dollars. The plaintiffs claim to be entitled to costs on the ground that the title to real estate was put in issue by the pleadings, and that claim presents the only question in the case.

The plaintiffs are Margaret Boyle, the widow of Peter Boyle, deceased, and four infant children and heirs of said deceased, who sue by guardian. The complaint alleges that the widow has a dower interest in the premises in question and that the infant plaintiffs are the owners of said premises, as tenants in common, subject to the dower interest of the widow. It also alleges that all the plaintiffs were in possession of the premises at the time of the alleged trespasses. It further alleges that the defendants entered upon the said premises, with force and arms, and broke and tore down the fence around the same; pulled down and destroyed a certain house situate thereon; broke up and destroyed a large quantity of lumber, and destroyed the trees and shrubbery growing upon said premises, to plaintiffs' damage, &c. The answer contains a general denial of the allegations in the complaint, except as admitted, and alleges, for a further defense, that the defendant Sabra Lawton was the lessee of certain premises in the same town as the premises claimed by the plaintiffs, and that the house mentioned in the complaint stood on the premises of the defendant, and that she removed it from her own premises, as she had a right to do.

The allegations thus referred to very distinctly put in issue the title to the *locus in quo*. Not only does the complaint allege title in the infant plaintiffs, subject to the dower interest of the widow, but the answer takes issue with that allegation, first, by denying it, and secondly, by alleging title in the defendant, Sabra Lawton, as lessee, of the soil on which the house stood, the removal of which was one of the trespasses alleged.

The counsel for the appellants contends that as the widow, as dowress, had no interest in the real estate, and could not recover· in the action, except, possibly, for injuries to the possession, and as the heirs joined with the widow as plaintiffs, they are· limited in their right of recovery, to such grounds of action as they had in common with her; that is, to injuries to the· possession.

It is true, that until assignment of her dower, the widow could not recover for injuries to the inheritance. But the allegation of title in the infant plaintiffs, subject to the dower right of the widow, is not cut down or qualified by the fact that the· widow is joined with them as a plaintiff. The only conse-· quence at most is, that so far as injuries to the freehold are· concerned she was improperly joined. But the misjoinder was not objected to by demurrer or answer, and was, therefore, waived (*Code Civ. Pro., sec.* 499).

The defendants, by their answer, compelled the infant plain-· tiffs to establish title in themselves in order to recover for the· alleged injuries to the freehold, beyond the infraction of their· possessory rights.

The order should be affirmed, with ten dollars costs and dis-· bursements.

BARKER and BRADLEY, JJ., concur; HAIGHT, J., not sitting.·· So ordered.